IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| MELVIN MARIGNE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 114-123 |
| | ) | |
| THE UNITED STATES ATTORNEY | ) | |
| FOR THE SOUTHERN DISTRICT OF | ) | |
| GEORGIA, | ) | |
| | ) | |
| Defendant. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff commenced the above-captioned medical malpractice case *pro se*. Because he is proceeding *in forma pauperis* ("IFP"), Plaintiff's complaint must be screened to protect potential Defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984).

**I.  SCREENING OF THE AMENDED COMPLAINT**

  **A.  BACKGROUND**

Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows. After being diagnosed with prostate cancer, Plaintiff underwent surgery at the Charlie Norwood Veterans' Affairs Medical Center in Augusta, Georgia in April 2009. (See doc. no. 1, pp. 3, 4, 6, 11-12.) Plaintiff is dissatisfied with his medical condition post-surgery, and speculates his symptoms are due to "something that did or did not occure [sic] with the surgery." (Id. at 4.) Plaintiff

indicates doctors are trying to discover the cause of his condition and an effective course of treatment, and he complains that it has been five years since his surgery and no diagnosis has been made or stabilizing treatment found. (Id. at 4, 5, 11.) Plaintiff requests $10,000,000 "for whatever happened . . . during prostate cancer surgery that changed my life." (Id. at 5.)

**B.     DISCUSSION**

**1.     Legal Standard for Screening**

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, of if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). Moreover, "[f]ailure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to

relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*); Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Failure to State a Claim for Medical Malpractice.

Plaintiff asserts a medical malpractice claim under the Federal Torts Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) & 2671 *et seq*, and he has attached documentation indicating he exhausted the required administrative remedies prior to filing this action. 28 U.S.C. § 2675(a); McNeil v. United States, 508 U.S. 106, 107 (1993); Bush v. United States, 703 F.2d 491, 494 (11th Cir. 1983) ("Only those claims presented initially to the appropriate administrative agency are cognizable in a tort action against the United

States."). However, Plaintiff has failed to state a claim upon which relief may be granted.

Liability under the FTCA for "personal injury caused by the negligent or wrongful act or omission of any employee of the Government," should be determined "in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1); see also Ochran v. United States, 273 F.3d 1315, 1317 (11th Cir. 2001). In order to state a medical malpractice claim under Georgia law, a plaintiff must state: "(1) the duty inherent in the doctor-patient relationship; (2) breach of that duty by failing to exercise the requisite degree of skill and care; and (3) that this failure be the proximate cause of the injury sustained." Zwiren v. Thompson, 578 S.E.2d 862, 864 (Ga. 2003). The "standard of care is that which, under similar conditions and like circumstances, is ordinarily employed by the medical profession generally." Kennedy v. Piedmont Hosp., 222 S.E.2d 162, 167 (Ga. 1975). There is a presumption in medical malpractice cases that the physician performed in an ordinarily, skillful manner, so the burden is upon the plaintiff to show a want of due care or skill.[1] Bowling v. Foster, 562 S.E.2d 776, 779 (Ga. Ct. App. 2002).

Here, Plaintiff's allegations are wholly insufficient to state a medical malpractice claim. First, Plaintiff does not describe the duty owed him by his doctor or doctors under the circumstances. Plaintiff does not explain the procedure in general, nor does he

---

[1] In Georgia state courts "a plaintiff is usually required to 'offer expert medical testimony to the effect that the defendant-doctor failed to exercise that degree of care and skill which would ordinarily have been employed by the medical profession generally under the circumstances." Bowling v. Foster, 562 S.E.2d at 779 (internal quotation marks and emphasis omitted).

4

indicate the stage at which it supposedly went wrong such that a duty could even be determined.  Second, Plaintiff does not allege any actions of his unnamed doctor or doctors that fell below the standard of care and amounted to a breach of the duty owed him under the circumstances.  Plaintiff speculates, in remarkably vague fashion, that "something went wrong," but equivocates by stating that something "did or did not occure [sic] with the surgery."  (Doc. no. 1, pp. 3, 4.)  Thus, Plaintiff acknowledges that there may not even have been any error during his surgery.  Plaintiff's equivocal statements likewise fail to allege causation, nor does Plaintiff even describe any injury he sustained.  Plaintiff merely alleges that some action or omission during his cancer surgery—and not the cancer itself—may have caused his current medical condition, which he does not describe.  In sum, Plaintiff's vague, speculative, and equivocal statements utterly fail to allege the elements of a viable medical malpractice claim under Georgia law.  See Zwiren, 578 S.E.2d at 864.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** for failure to state a claim, and that this case be **CLOSED**.

SO REPORTED and RECOMMENDED this 12th day of June, 2014, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

5